HAMITER, Justice.
 

 An alleged libelous statement in a letter addressed by defendant to the plaintiff under date of January 4, 1944, copies of which were sent to plaintiff’s sisters and brother, is the basis of this $25,000 damage action.
 

 The suit was dismissed by the district court, an exception of no cause of action, directed to the original and supplemental petitions and the annexed documents, having been sustained. From the judgment plaintiff is appealing.
 

 The complained of statement, which plaintiff alleged was false, scandalous, malicious, and defamatory of his good name, fame, credit, and reputation, reads as follows : “ * * * One can expect such a letter as you have written, in view of the fact that you failed in the filial devotion that you owed your late mother by refusing to pay for your l/5th percentage of the funeral bill. Your excuse for not paying this bill was the ridiculous statement that you had not been consulted in making the funeral arrangements.”
 

 If the pleadings of plaintiff, together with the documents annexed thereto, establish the truthfulness of the charge made in defendant’s letter, it must be held that the district court correctly sustained the .exception of no cause of action and dismissed the suit. The truth of the contents of an alleged libelous document is & complete defense to an action in damages. Smith v. Lyons, 142 La. 975, 77 So. 896, L.R.A.1918E, 1; Otero v. Ewing, 165 La. 398, 115 So. 633; Kennedy v. Item Company, 197 La. 1050, 3 So.2d 175.
 

 In his first supplemental petition, plaintiff alleged that “he did pay his proportion of one-fifth percentage of the funeral bill of his late mother (Mrs. Jeanne G. Pool), whereas defendant herein avers that your petitioner did not pay the funeral bill * * *. Your plaintiff did both, first
 
 *221
 
 refusing and subsequently paying the bill.” Later, in explanation of his refusal' to pay, plaintiff alleged:
 

 “That paragraph 2 of your plaintiff’s supplemental petition is amended so as to show when he refused to pay the funeral bill and when subsequently paid by him and the manner in which the said bill was paid to wit: Your petitioner refused to pay his proportion of the funeral bill on or about March 30, 1939, May 6, 1939, May 11, 1939, and May 9, 1939, as shown by exhibits I, 2, and 3, which are annexed hereto and made part hereof as' though copied herein in extenso, and excerpts of my letter of May
 
 6,
 
 1939, as follows:
 

 “ T noticed Jacob
 
 Shorn
 
 and Sons were paid $370.17 for the funeral expenses and must again reiterate the fact that 1/5 of this amount, or $74.03, must be refunded me by our adversaries, as per my letter to you of March 30, 1939.’
 

 ■ “That the funeral bill was paid on or about June 2, 1939, when the assets of the S. D. Pool Realty Company, Inc., were distributed to the former stockholders' as fully determined by copy of affidavit dated on or about June 2, 1939, which affidavit was sworn to and subscribed before Hilary J. Gaudin, Esquire, Notary Public, as shown by exhibit 4, which is annexed hereto and made part hereof, and the manner in which the said bill was paid is due to the fact that the bill of Jacob Schoen & Sons, Funeral Directors, was paid out of corporate funds on or about January 7, 1939, in the sum of $370.17 amount was charged to the account of Mrs. Jeanne G. Pool on the books of the corporation, and by your plaintiff accepting his 1/5 proportion of the distributable assets of the said Pool company by signing the report from Messrs. Carriere & Carriere, Certified Public Accountants, which report was dated on or about May 20, 1939 and by releasing defendant, herein, by executing affidavit on or about June 2, 1939 before Hilary J. Gaudin, Esquire, Notary.”
 

 The referred to exhibit one, annexed to and made a part of the supplemental petition, is a letter written by plaintiff to the defendant. It contains the following remarks : “ * * * The funeral expenses of my late mother which I was informed charged to her ‘ESTATE’, and as you know legally, she has no estate, must be incurred strictly by Mrs. Jeanne Pool D’Aquin, Mrs. Mildred Pool Farrel and Stephen D. Pool, jointly, as the above mentioned three made all the arrangements without due process of consultation of Mrs. Jarreau and the writer. Mrs. Jarreau as you know was in the" house at the time and entered the room where the above three were making the arrangement with Mr. Philip Schoen, Mortuary Head, and Mrs. Jarreau was positively ignored,.-WE are the legal ‘legitime’ as well as they are, therefore, this amount must not be charged to the accounts of Jeanne G. Pool on the corporation ledger.”
 

 We deem it unnecessary to determine whether payment by the S. D. Pool Realty Company, Inc.,, of the mentioned funeral debt, along with the subsequent dissolution
 
 *223
 
 of that corporation and the distribution of its assets, amounted to payment of a proportionate one-fifth of the debt by each of the five stockholders, including plaintiff. Defendant, as we appreciate his letter upon which this action is predicated, did not charge plaintiff with never having paid the indebtedness; he asserted only plaintiff’s refusal to pay. Thus, in the first sentence of the complained of statement it is said that, “One can expect such a letter as you have written, in view of the fact that you failed in the filial devotion that you owed your late mother by refusing to pay for your one-fifth percentage of the funeral bill.” Then followed immediately the assertion: “Your excuse for not paying this bill was the ridiculous statement * * From a reading of these two sentences together, it is clear that by the latter sentence defendant merely meant “your excuse for refusing to pay” or “the reason for your refusal to pay”. It does not, in our opinion, carry the implication that plaintiff did not pay at all.
 

 According to the specific allegations of the several petitions filed herein and to the annexed letters, plaintiff did on numerous occasions refuse to pay a proportionate part of the funeral indebtedness of his late mother. Therefore, the truth of the contents of defendant’s letter has been established by plaintiff’s own pleadings and, under the jurisprudence of this state, the exception of no cause of action was properly sustained.
 

 ' The judgment dismissing plaintiff’s suit at his costs is affirmed.