**Dudley JENKINS, Appellant,**

v.

**D X SUNRAY OIL COMPANY,**
**Appellee.**

No. 18949.

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1962.

Rehearing Denied Feb. 9, 1962.

Roy Maughan, Arthur Cobb, Cobb & Brewer, Baton Rouge, La., for appellant.

Laurence W. Brooks, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., M. Darwin Kirk, Legal Dept. D X Sunray, J. P. Greve, Legal Dept. D X Sunray, Ben Hatcher, Legal Dept. D X Sunray, Tulsa, Okl., for appellee.

Before TUTTLE, Chief Judge, and POPE * and GEWIN, Circuit Judges.

PER CURIAM.

In this action in the nature of a suit for damages for injury to public and private character and defamation of character the absence of any affidavit or other proof by the appellant, the plaintiff below, that the statement contained in the letter written by the appellee was untrue or that it was written with malice, required the granting by the trial court of the appellee's motion for summary judgment. Under the law of Louisiana, truth is a defense in such a suit. LSA–R.S. 13:3602. Pool v. Gaudin, 209 La. 218, 24 So.2d 383. Even though the defense of truth were not available, the communication here complained of was a privileged communication and would thus entitle the appellant to the defense of privilege. See LSA–R.S. 14:49. The appellant cites us to no Louisiana cases which would warrant a finding by the trial court that there remained in this case a substantial issue of fact which, if decided in favor of the appellant, would entitle him to a judgment. The judgment is

Affirmed.

* From the Ninth Circuit, sitting by designation.