JONES, Judge.
Plaintiff appeals from a judgment sustaining an exception' of no cause of action and dismissing plaintiff’s libel suit. The lower court held the newspaper articles in question were not libelous. We affirm.
Copies of the two newspaper articles were attached to plaintiff’s petition. The pertinent portions read as follows:
“Reports that the Public Safety Commissioner George W. D’Artois has given preferential treatment to some persons have been reinforced by a number of records on file at City Hall.
“A Times review of applications for liquor permits showed that in at least eight instances D’Artois has directed his subordinates to grant permits to persons who have not met all requirements for those permits.
“In several of the eight cases, The Times found that the persons involved had either records of arrest for gambling or direct ties to known gamblers.
“Notations on the liquor permit applications state that certain information was not filed with the original application and that the exception was okayed by the commissioner.
* * * * * *
“In addition notations granting exceptions to the rule were made on applications filed by . Joseph Daniel Ryan of 1820 East Kings Highway for Chez Joey .
* * * * * *
“ ‘Subject did not have certificate of occupancy, newspaper ad or copy of lease. Commissioner brought him back and said take the application,’ is written on the back of the application submitted Dec. 29, 1975 by Joseph Daniel Ryan of Apart *116 ment 227, 1820 E. Kings Highway for the lounge Chez Joey at 545 E. Washington. The application was the only sheet of paper in the Chez Joey file and the portion of the form where zoning category is supposed to be listed is left blank.”
* * * * * *
The second newspaper article contained the following:
“Deputies from the Caddo Parish sheriff’s office converged on Shreveport City Hall at 10:30 a. m. Thursday and seized and carted away hundreds of records from the police department.
“They confiscated records of 25 Shreveport men who in some way figure in the case of the State of Louisiana versus Public Safety Commissioner George D’Artois.
* * * * * *
“The writ of subpoena ordered . officials to surrender all books, paper, documents, reports and records including arrest records, bond records, offense reports, fingerprint cards, court records, evidence records and FBI records concerning the 25 Shreveport men.
“Records were seized on . . . Danny Ryan . . . ”
* * * * * *
Plaintiff contends these articles name him as one of several persons receiving preferential treatment from the Public Safety Commissioner in obtaining an alcoholic beverage permit. He further contends the articles “associate” him with alleged gamblers and felons, and imply he was arrested in connection with the reported investigations.
The threshold issue in any libel action is whether or not the statements made are defamatory or libelous. In Brown v. News-World Publishing Corporation, 245 So.2d 430 (La.App., 2d Cir. 1971), we said:
“A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person’s reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate. .
“An exception of no cause of action admits, for the purpose of consideration of the exception, all facts that are pertinent and well-pleaded in the petition. In determining whether plaintiff has set forth a cause of action for libel this court should give due weight to every portion of the articles complained of and to every fact set out in the petition. . . . ” (Citations omitted) Id., p. 432
See also Pence v. Ketchum, 326 So.2d 831 (La.1976).
The articles do not say or imply that the plaintiff associates with gamblers or felons. They do not indicate that plaintiff has ever been arrested or convicted of the violation of a criminal statute. There is likewise no statement in either article that plaintiff in fact received a liquor permit as a result of preferential treatment and without compliance with law. The article merely reports the notation made on the file containing plaintiff’s application for a liquor license. Any adverse implications that might arise in the mind of the reader will arise from the reported facts themselves, the accuracy of which is not attacked, and not from the manner in which the articles were written. Accepting the well pleaded facts of plaintiff’s petition as true, but not the conclusions drawn by plaintiff, and viewing the articles in a light most favorable to plaintiff’s position, we find the lan *117 guage used in the articles was not defamatory.
Since plaintiff has failed to show statements that are capable of a defamatory meaning, he has failed to state a cause of action. Brown v. News-World Publishing Corporation, supra.
Plaintiff also complains that the ruling of the district court on the exception circumvented his constitutionally protected right to a trial by jury. Whether the words used are capable of a defamatory meaning is a question of law for a determination by the court, and not a question of fact to be decided by a jury. If the court concludes, as a matter of law, the words are capable of having a defamatory meaning, it then becomes a jury question whether the words, as applied to plaintiff, in fact defamed him. Brown v. News-World Publishing Corporation, supra. Kihneman v. Humble Oil & Refining Company, 312 F.Supp. 34 (E.D.La.1970). Since we conclude the words here published have no defamatory meaning as a matter of law, there is nothing to be submitted to a jury.
For the foregoing reasons, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.