353 So.2d 1093 (1977)
Jessie Eugene HARPER, Plaintiff-Appellant,
v.
Kenneth Randall JEANS et al., Defendants-Appellees.
No. 13406.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
Rehearing Denied January 16, 1978.
Writ Refused February 24, 1978.
*1094 Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for appellant, Jessie Eugene Harper.
William J. Guste, Jr., Atty. Gen., State of La., Baton Rouge by Hudson, Potts & Bernstein, James A. Rountree, Monroe, for appellees, Louisiana Forestry Commission, Kenneth Randall Jeans and James E. Mixon.
Before BOLIN, HALL and JONES, JJ.
En Banc. Rehearing Denied January 16, 1978.
JONES, Judge.
Plaintiff appeals from a judgment rejecting his claims for damages for injury to his reputation and character caused by an alleged defamatory statement by defendant Jeane to plaintiff's supervisor. Defendant's statement, which was admitted, was that plaintiff disrupted the work of employees at a fire tower operated by Louisiana Forestry Commission. We affirm.
Plaintiff's wife was the tower watcher at Hood's Mill Fire Tower and was responsible for keeping lookout for forest fires. Plaintiff, an employee of a lumber and forestry corporation, worked in the vicinity of the firetower. In late 1974 and early 1975, plaintiff visited his wife at the fire tower frequently. His frequent visits caused his wife to often leave the tower and otherwise detracted her from her required duty of keeping a close lookout for forest fires. This conduct was reported to Jeane who was the wife's supervisor and responsible for operating the fire tower. On or about February 3, 1975, Jeane telephoned plaintiff's work supervisor to inquire into whether defendant's forestry crew had been guilty of drinking and loitering around the town of Chatham during work hours. During this conversation Jeane advised plaintiff's supervisor plaintiff had been spending a lot of time at the tower and his presence disrupted his wife's work. Defendant suggested "it would be a good idea that he (plaintiff) not hang around unless he had business until they (plaintiff and his wife) had their personal differences settled." These statements to plaintiff's supervisor are the basis for the defamation action. The trial court found defendant's statements were not defamatory in nature; that defendant proved his statement to be true and plaintiff was not damaged in any way.
The issue on appeal is whether the statement is slanderous, and if so, was plaintiff damaged.
The essential elements of a defamation action are: (1) defamatory words; (2) publication, that is, communication to some person other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Carter v. Catfish Cabin, 316 So.2d 517 (La.App., 2d Cir. 1975).
In Brown v. News-World Publishing Corporation, 245 So.2d 430 (La.App., 2d Cir. 1971), we said:

*1095 "A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate. . . ." Id. page 432.
See also Ryan v. Shreveport Times Publishing Company, 344 So.2d 114 (La.App., 2d Cir. 1977).
The record supports the trial judge's finding that the statement was not slanderous and in the absence of manifest error, we will not disturb the trial court's findings. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The statement made to plaintiff's supervisor was related to the work activity of plaintiff's wife and had no connection to plaintiff's occupation nor to his reputation or character. Considering the nature of defendant's conversation with plaintiff's supervisor and the circumstances surrounding the communication, we agree with the trial court that the statement made by defendant about plaintiff is not defamatory.
The trial court found the evidence established the alleged defamatory statement was true. We concur in this finding. Truth is an absolute defense to an action for defamation. Pool v. Gaudin, 209 La. 218, 24 So.2d 383 (1945).
For the reasons assigned, we affirm the trial court judgment at appellant's cost.