467 So.2d 188 (1985)
BILL PARTIN JEWELRY, INC., and Bill Partin, Plaintiffs-Appellants,
v.
James SMITH, Mary Ann Herman Dunwell, and Calcasieu Television and Radio, Inc., Defendants-Appellees.
No. 84-261.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
*189 Terry J. Johnson, Lake Charles, for plaintiffs-appellants.
Camp, Carmouche, Barsh, Hunter, Gray & Hoffman, David R. Frohn, Lake Charles, for defendants-appellees.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
Bill Partin, individually and Bill Partin Jewelry, Inc., appeal a summary judgment granted in favor of the defendants, Calcasieu Television and Radio, Inc. and two of its employees, James Smith and Mary Ann Herman Dunwell, dismissing Partin's defamation suit. The sole issue is whether the trial court committed manifest error in granting the defendants' motion for summary judgment. We affirm, finding no genuine issues of material fact existed and that the defendants were entitled to judgment as a matter of law.
The facts are undisputed. In early July 1981, by bill of information, Bill Partin was charged with receiving stolen goods. Calcasieu Television and Radio, Inc., through its television station, KPLC-TV, correctly reported that "Captain Smith said Partin allegedly bought stolen silverware taken in a local home burglary and sold the merchandise to a jewelry store in Beaumont." During the latter part of July, KPLC-TV aired a follow-up story on Partin; it was correctly reported as follows:
"A Lake Charles jeweler is free on bond tonight after being arrested on charges of receiving stolen property.
Bill Partin of Partin's Jewelers allegedly bought stolen silverware following a local home burglary and sold it to another jewelry store in Beaumont.
Partin is out on three thousand dollars bond."
Mary Ann Herman Dunwell was employed as a reporter, anchor and weekend producer for KPLC-TV. On April 25, 1982, upon the suggestion of the news director, James Smith, she prepared another follow-up story on Partin since his trial was scheduled to begin the next day. Using the previous scripts and updated information from the district attorney's office, she prepared a script and aired the story as follows:

"The trial of a prominent Lake Charles jewelry store operator is scheduled to begin tomorrow morning. Bill Partin of Partin's Jewelers is charged with receiving stolen property. Police say Partin allegedly stole silverware taken in a local home burglary, and sold the merchandise to a jewelry store in Beaumont. Last July, Partin was booked and released on three-thousand dollars bond. The trial begins tomorrow at nine a.m." (Emphasis added.)

The defendants admitted the script contained an error, apologized for the mistake, and corrected the error in its April 26, 1982, newscasts at 6:00 p.m. and 10:00 p.m.
After a four day trial, Partin's jury returned a unanimous verdict of not guilty.

SUMMARY JUDGMENT
LSA-C.C.P. Art. 966 provides:

"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time. B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *190 on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
A summary judgment should be granted when a reasonable mind must conclude there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Butler v. K-Mart Corporation, et al., 432 So.2d 968 (La.App. 4th Cir.1983); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof is on the mover and any doubt will be resolved against granting of a summary judgment. Hebert v. Vice, 413 So.2d 342 (La.App. 3rd Cir.1982); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
The facts in the present case are undisputed and present no genuine issues for our consideration. The determinative issue is whether the movers, defendants, are entitled to judgment as a matter of law. It is well settled that the following elements must be shown in order to maintain an action in defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Rennier v. State, Through Dept. of Pub. Saf., 428 So.2d 1261 (La.App. 3rd Cir.1983); Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980); HMC Management v. New Orleans Basketball Club, 375 So.2d 700 (La.App. 4th Cir.1979), writs denied, 378 So.2d 1384, 379 So.2d 11 (La.1980); Harper v. Jeans, 353 So.2d 1093 (La.App. 2nd Cir.1977), writ denied, 355 So.2d 264 (La.1978).
In Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App. 2nd Cir. 1971), the court defined a defamatory statement as follows:
"A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate."
In reporting matters of public interest involving legal and judicial proceedings and records, some errors and inaccuracies are bound to occur in the use of technical terms. Not every error or inaccuracy should be actionable. The error should be a significant variation from the truth to give rise to liability. In order to avoid a "chilling effect" on the exercise of First Amendment rights, the media must be allowed "breathing space." Hopkins v. Keith, 348 So.2d 999 (La.App. 2nd Cir. 1977), writ not considered, 350 So.2d 893 (La.1977).
In the case at hand, Partin contends that the newscast may have had a negative impact on prospective jurors. We disagree. The jury returned a unanimous verdict of not guilty, therefore, Partin's claim of undue prejudice is without merit. After considering the Bill Partin story in its entirety, we find the error, at best, rendered the newscast confusing since the sentence immediately preceding the error correctly stated Partin's charge of receiving stolen property. We, therefore, do not consider this error actionable as defamation.
The record contains no evidence of malice or resulting injury, two elements necessary to prove defamation. Dunwell, the reporter who made the error in question, *191 testified that she did not know Partin and had no feelings of malice toward him. Further, the record is void of evidence showing malice on the part of any of the defendants. Although Partin contends he was subjected to contempt, hatred and ridicule, and that his business lost profits due to the error in the newscast, the record contains no evidence of any resulting injury. Absent proof of malice and resulting injury, Partin cannot maintain an action in defamation. Therefore, the trial court properly granted the defendants' motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs-appellants, Bill Partin, individually and Bill Partin Jewelry, Inc.
AFFIRMED.