505 So.2d 111 (1987)
Edward R. DRURY
v.
Susan FEENEY, Charles Ferguson, the Times Picayune Publishing Corp. d/b/a the Times Picayune/the States Item.
No. CA-6204.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Writ Denied May 29, 1987.
Edward R. Drury, in pro. per.
Phelps, Dunbar, Marks, Claverie & Sims, Jack M. Weiss, Mary Louise Strong, New Orleans, for defendants-appellees Susan Feeney, Charles Ferguson, and The Time-Picayune Pub. Corp.
Before KLEES and WILLIAMS, JJ., and PRESTON H. HUFFT, J., Pro Tem.
KLEES, Judge.
Plaintiff appeals the district court's granting of summary judgment dismissing his defamation action. We affirm.
Plaintiff is an attorney who was convicted in federal court of twenty-one counts of mail fraud resulting from an arrangement *112 between plaintiff and a New Orleans physician whereby plaintiff referred most of his clients (automobile accident victims) to the physician and then retained fifteen percent of the physician's fee for himself. Following this conviction, the Louisiana State Bar Association instituted disbarment proceedings against plaintiff, and the Supreme Court suspended his license to practice law in Louisiana for three years. See Louisiana State Bar Association v. Drury, 455 So.2d 1387 (La.1984), cert. denied, 470 U.S. 1004, 105 S.Ct. 1358, 84 L.Ed.2d 379 (1985).
On September 11, 1984, the newspaper Times-Picayune published in its Metro News section a two-paragraph item on plaintiff's suspension as part of its regular column on Supreme Court decisions. The last paragraph of the article stated that prior to his suspension, plaintiff had been convicted of "... 21 counts of mail fraud to cheat insurance companies and his clients of money in car accident suits."
On September 9, 1985, plaintiff filed suit against The Times-Picayune Publishing Corporation, editor Charles Ferguson and reporter Susan Feeney alleging that the newspaper item was libelous. Plaintiff claimed in his petition that he had been defamed because his federal conviction did not involve cheating insurance companies and clients of money, but instead was based upon a "technical violation" of legal disciplinary rules and ethical considerations.
In response to plaintiff's suit, defendants filed an exception of no cause of action and a motion for summary judgment. Shortly thereafter, plaintiff filed a notice seeking to take the deposition of defendant Feeney, the Times-Picayune reporter who wrote the article, and defendants filed a motion for a protective order to prevent the taking of said deposition on the grounds that it was irrelevant.
The trial court heard all the motions together. After oral argument, the trial judge denied the exception of no cause of action, but granted defendants' motion to quash the deposition and motion for summary judgment. The court found that although the newspaper article did contain an error, summary judgment was appropriate because the article was substantially true and therefore not defamatory. In describing the error, the court stated that the newspaper article had more accurately reported the contents of plaintiff's federal indictment than his conviction. Whereas plaintiff had been indicted for a scheme to defraud insurance companies and clients of money, he was actually convicted of mail fraud by cheating his clients of the right to proper legal representation by failing to disclose to them his fee-splitting arrangement with the physician.
In his Reasons for Judgment, the trial judge also noted that the defendants had filed exhibits which chronicled in detail the entire sequence of events relating to plaintiff's federal indictment, conviction, and suspension from practice, including copies of numerous other Times-Picayune articles which had accurately described plaintiff's situation. In determining that there were no substantive issues of material fact and that summary dismissal was warranted, the trial judge stated:
The error admittedly committed by the defendants is an infinitesimal aberrant grain of sand hidden in an entire seashore of reprehensible conduct and truths concerning Mr. Drury's activities. Even considering the assertions made by Mr. Drury at oral argument, and recognizing that the defendants were in error in reporting the details of the underlying Federal conviction which was relied upon by the Louisiana Supreme Court in its suspension of Mr. Drury from the practice of law, it is the opinion of this Court that defendants' error is so insubstantial that it does not and cannot serve as a basis for a libel action by one with Mr. Drury's record against the parties who allowed the error to occurr.
On appeal, plaintiff first argues that the granting of summary judgment was erroneous because defendants failed to offer other evidence contradicting the allegations of his petition, which the trial judge ruled stated a cause of action. We disagree. The exhibits filed by defendants included: plaintiff's federal indictment and judgment *113 of conviction; various judicial opinions affirming his conviction; the judgment of conviction of the doctor involved in the scheme and the appellate opinion affirming same; and numerous related articles published by the Times-Picayune, including the article which is the subject of this action. We find, as did the trial court, that these exhibits are more than sufficient to contradict the allegations of plaintiff's petition. Moreover, we agree with the trial court's conclusion that the subject newspaper article is not defamatory as a matter of law.
It is well-settled that the following elements must be present in order to maintain an action in defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Bill Partin Jewelry, Inc. v. Smith, 467 So.2d 188, 190 (La.App. 3rd Cir.1985); Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980). In a civil action for libel, the truth of the contents of the allegedly libelous statement is a complete defense. Otero v. Ewing, 165 La. 398, 115 So. 633 (1927). Moreover, when proving the truth of the article, it is not necessary to prove the truth of every unimportant detail in it, but only to prove that the charges contained therein are substantially true. Id. 115 So. at 636 (Emphasis added).
The availability of the truth defense is constitutionally mandated when applied to the reporting of information contained in official public records, such as court opinions. Hopkins v. Keith, 348 So.2d 999, 1002 (La.App. 2nd Cir.1977), writ not considered, 350 So.2d 893 (La.1977). As our colleagues on the Second Circuit have stated:
In reporting matters of public interest involving legal and judicial proceedings and records some errors and inaccuracies are bound to occur in the use of technical terms. Not every error or inaccuracy should be actionable. The error should be a significant variation from the truth to give rise to liability. In order to avoid a "chilling effect" on the exercise of First Amendment rights, the media must be allowed "breathing space."

Hopkins, supra at 1002 (Emphasis added).
In Hopkins, the court held that a newspaper article which reported that plaintiff, a liquor licensee, had been "convicted for running a gambling game" was substantially true even though the plaintiff had not actually been convicted, but had forfeited a substantial bond on the charge. The court noted that while a bond forfeiture is not technically the same as a conviction and bears significant legal distinctions, the similarities between the two, particularly in the lay mind, cannot be overlooked. Hopkins, supra at 1002.
In Hamilton v. Lake Charles American Press, Inc., 372 So.2d 239 (La.App. 3rd Cir.1979), writ denied, 375 So.2d 943 (La. 1979), the Third Circuit used like reasoning to dismiss on summary judgment a case with facts similar to those of the instant case. The plaintiff, also an attorney, claimed that he had been defamed by a newspaper article which erroneously reported that he had been convicted of faking automobile accidents to defraud insurance companies and subsequently had been disbarred. In actuality, the plaintiff had been convicted of conspiracy to commit mail fraud arising out of the staged collisions and was still practicing law at the time the news item appeared by virtue of a stay order issued in connection with the disbarment proceedings. Despite these errors, the court found the article to be substantially true and therefore not defamatory.
In another summary dismissal, the Third Circuit in Bill Partin Jewerly, Inc. v. Smith, supra, held that a television report stating that the plaintiff had allegedly stolen property from a home in a burglary was not defamatory even though the plaintiff had only been charged with receiving stolen property.
After reviewing the evidence presented and the law on this point, we agree with the trial court's determination that the newspaper article was substantially true and therefore not defamatory.
*114 Finally, we find that plaintiff's second assignment of error, that the trial court erred by refusing to let him depose Susan Feeney, is also without merit. The only possible purpose of taking such a deposition would be to attempt to show malice on the part of defendants. However, in light of the trial court's decision that the news article was substantially true, which we affirm, malice or lack of it is irrelevant.
Accordingly, for the reason given, we affirm the summary judgment granted by the district court, with all costs to be borne by appellant.
AFFIRMED.