372 So.2d 239 (1979)
E. C. HAMILTON, Plaintiff-Appellant,
v.
LAKE CHARLES AMERICAN PRESS, INC., Defendant-Appellee.
No. 6951.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
Rehearing Denied July 11, 1979.
*240 E. C. Hamilton, Lake Charles, in pro. per.
Jones, Patin, Tete, Nolen & Hanchey by William M. Nolen, Lake Charles, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
GUIDRY, Judge.
This is an appeal from a summary judgment which dismissed plaintiff's defamation action against the Lake Charles American Press, Inc. E. C. Hamilton, a disbarred attorney, alleges that a false statement relating to him was printed in defendant's newspaper on April 4, 1977 in the form of a written response to a reader's inquiry, and that as a result of the publication of this allegedly defamatory statement, his personal and professional reputation was damaged. Defendant publisher moved for summary judgment, contending that the alleged defamatory statement was true. The trial court granted defendant's motion, dismissed plaintiff's action, and plaintiff appeals. We affirm.
On December 18, 1970, Ernest C. Hamilton, then a practicing attorney, was convicted by a federal court of conspiring to commit mail fraud. This conviction was upheld by the Fifth Circuit Court of Appeals. United States v. Perez et al., 489 F.2d 51 (5th Cir. 1973). Appellant's application for writ of certiorari was denied by the United States Supreme Court on June 10, 1974. 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). Hamilton's conviction resulted from his participation in a state-wide scheme in which several persons, including attorneys and physicians, collaborated to defraud insurance companies by staging fake automobile accidents and making insurance settlements for nonexistent and/or exaggerated injuries. On October 11, 1974, following appellant's conviction, a petition for disciplinary action was filed against him in the Louisiana Supreme Court. On February 28, 1977, the Louisiana Supreme Court disbarred Hamilton from the practice of law in this state. 343 So.2d 985 (La.1977).
This unfortunate episode attracted a great deal of local attention, and a reader of the Lake Charles American Press wrote to that newspaper, inquiring as to what had become of the individuals who had been involved in the scheme. The newspaper printed the reader's question in a feature article entitled "The Informer", along with an answer written by reporter Bill Shearman on April 4, 1977. The question, along with the alleged defamatory statement, appeared as follows in defendant's newspaper:
"Did any of the attorneys or doctors found guilty in the local auto insurance fraud cases serve time in jail?
 R. A., Lake Charles.

The five men from our area, attorneys Philip J. Shaheen Jr., Lloyd E. Hennigan and E. C. Hamilton and Drs. Kenneth Lee Perego of Vinton and Wilson D. Morris, were all found guilty in December, 1970, *241 of faking auto accidents to defraud insurance companies.

The men were sentenced to three years with the sentences suspended but with an identical amount of time on probation. The attorneys were also instructed by the court to perform legal services for indigents, public defender offices and any agencies or programs as may be directed by their respective probation officers.
The doctors were limited to medical practices in hospitals or clinics or in any such service authorized by the Louisiana State Board of Medical Examiners.

None of the five men ever actually served time but the three attorneys have been disbarred from any legal practice. Dr. Morris is working in a Leesville Hospital. Dr. Pergo's activities could not be determined." (Emphasis added)

Appellant primarily contends (as one of the "three attorneys" therein referred to) that it was not true that he had been disbarred from any legal practice at that time. Appellant also contends that it is untrue that he was convicted of "faking auto accidents to defraud insurance companies", the truth being that he was convicted of conspiracy to commit mail fraud. In support of his primary contention plaintiff alleges that on the date that this statement appeared in defendant's newspaper, he had an application for rehearing pending before the Louisiana Supreme Court[1], and that the judgment disbarring him did not become final until his petition for a writ of certiorari was denied by the United States Supreme Court, some six months after the statement had been published. 434 U.S. 835, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977). The trial court found no merit to plaintiff's contentions, and found that the statement as published was true. In its written reason for judgment, the trial court stated:
"The defamatory substance of the publication, according to plaintiff's petition, consists of these two alleged inaccuracies: (1) when the publication occurred stating he was disbarred from any legal practice, he was actually legally practicing law in the City of Lake Charles, and (2) the publication stated that he was convicted of faking auto accidents to defraud insurance companies, whereas in fact, the conviction was for conspiracy to commit mail fraud. Hamilton contends that these statements were defamatory in content and thus resulted in injury to his reputation and respect, loss of income, mental pain and anguish, and impairment of performance of his professional duties.
The defendant in its motion for summary judgment urges that the publications stated the truth as a matter of fact and law, and that there is no genuine issue about that, and this lawsuit ought therefore to be terminated at this point in favor of defendant. In support of its motion for summary judgment the defendant filed the affidavit of Bill Shearman, its reporter, who researched and prepared the answer to `The Informer' question, as well as certified copies of all of the legal proceedings that took place in the Louisiana Supreme Court in connection with the disbarment matter.
The only instrument plaintiff offered to counter the motion for summary judgment was an affidavit executed by himself which was but a repetition of the averments of his pleadings.

In a case where there has been an alleged defamation, the jurisprudence is clear that the defendant may raise a perfect defense by showing the statements to have been true. In proving the truth of the allegedly defamatory matter, it is not necessary to prove the truth of every detail; it is sufficient to prove that the charges contained therein are substantially true. Otero v. Ewing, 165 La. 398, 115 So. 633 (La.1927); and Kennedy v. Item Co., 197 La. 1050, 3 So.2d 175 (1941).

The court must grant summary judgment where the facts are all in, there is no genuine issue remaining to be tried, *242 and the law commands a certain result flowing from certain proof. Here, the only question presented by the motion is the truthfulness of these newspaper reports.

Plaintiff's status as a disbarred attorney was truthfully reported by the defendant on April 4, 1977. It matters not that he was temporarily enjoying a technical procedural reprieve in the form of a stay order. It was a fact that the plaintiff had been disbarred from the practice of law by the Louisiana Supreme Court. The application for a rehearing and subsequent application for writs to the U. S. Supreme Court stayed the effect of the disbarment but did not obliterate the reality of it.
The nature of the conviction was likewise truthfully reported. In the circumstances of this case it is of no tortious significance that the conviction was publicized in terms of automobile accident fraud when it was in fact conspiracy to commit mail fraud. The U. S. Fifth Circuit in its affirmance of the appeal in the criminal case and the Louisiana Supreme Court in its disbarment proceedings, both referred repeatedly to the faked accidents and the substantive proof of Hamilton's knowing complicity in the scheme. The mailing charged in the indictment arose out of the staged collisions and was but the peg upon which the conspiracy was hung. The faked accidents formed the basis of the conviction for conspiracy to commit mail fraud. Proof of complicity in the faked accidents was an essential element of the conspiracy, without which there would not have been a conviction. It is meaningfully true in both law and legal circles that plaintiff was convicted of faking auto accidents to defraud insurance companies."
We agree and adopt the trial court's written reasons for judgment as the opinion of this court. It is well settled that truth, or substantial truth, is a defense to a defamation suit. Rosen v. Capital City Press, 314 So.2d 511 (La.App. 1st Cir. 1975).
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of these proceedings are to be paid by appellant.
AFFIRMED.
NOTES
[1] Appellant's application for rehearing was denied on April 7, 1977. 343 So.2d 985, 993 (La. 1977).