RICHARD SIVULICH, Plaintiff-Appellant, *v.* HOWARD PUBLICATIONS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—1472

Opinion filed June 29, 1984.

Edward L. Osowski, of Chicago, for appellant.

Reuben & Proctor, of Chicago (Samuel Fifer and Mark Sableman, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Richard Sivulich, brought this action seeking to recover damages for an allegedly libelous article written and published by defendants Ron Brow and Howard Publications, Inc. The trial court granted defendants' motion for summary judgment, finding that the article was substantially true and that plaintiff was a public figure who had not demonstrated actual malice. Since we agree that the article was substantially true, we need not reach the question of whether plaintiff was a public figure. The pertinent facts are undisputed.

Plaintiff was head wrestling coach, assistant football coach and a physical education teacher at Thornton North High School. On August 28, 1978, while drilling some of the football players before their season opening game, plaintiff noticed a car parked on a road bordering the football field. He sent one of his players to find out who was in the car and what the man was doing. When the man refused to identify himself, plaintiff went over to the car.

The man in the car, Joseph NeCastro, was the 69-year-old grandfather of one of the players. He refused to identify himself and continued watching practice with his binoculars. According to plaintiff, NeCastro said he did not like the way plaintiff and the head coach yelled at the players and that he was scouting their plays. Plaintiff had noticed a Lansing city sticker on the vehicle and was worried that NeCastro was scouting for their opponents. He attempted to obstruct NeCastro's view or grab the binoculars. As plaintiff did so, NeCastro fell back and was struck in the mouth by the binoculars. NeCastro's grandson came over and identified his grandfather, and plaintiff apologized. As a result of the incident, plaintiff was suspended from coaching for four days. NeCastro filed a report with the police the next day.

During the following September, plaintiff announced a meeting for students interested in joining the wrestling team. School Superintendent Verchota thereupon telephoned and advised plaintiff that he was no longer the head wrestling coach.

When he lost the coaching position, plaintiff telephoned Brow and another sportswriter for one of the local newspapers, hoping to arouse some community support. Plaintiff told the writer that he believed he was not rehired for the coaching position because of the NeCastro incident.

Brow had already heard of the incident from NeCastro's son, who had asked Brow if he could do something. Brow told him he did not have both sides of the story, and Brow did not immediately

investigate further. Following plaintiff's call, Brow interviewed the school principal and others to learn why plaintiff had lost his wrestling coach position. Brow was also informed by NeCastro's son that they were filing charges for aggravated battery against plaintiff.

On October 19, 1978, NeCastro filed a civil suit alleging that plaintiff violently assaulted and intentionally struck NeCastro, and that plaintiff's actions were wilful, malicious, and caused severe injuries. That suit was ultimately settled and dismissed.

The next day Brow's article appeared. In it he wrote that plaintiff had lost his wrestling coach position and that his dismissal might be related to an altercation he had with the grandfather of one of the football players. In describing the event Brow wrote:

> "It seems the 32-year-old Sivulich was involved in an altercation prior to the season opener with the grandfather of one of North's players. The altercation resulted in the loss of a tooth and more than $500 worth of personal damages to the 70-year-old man.
>
> Charges of aggravated battery have been filed against Sivulich. Final papers were signed Wednesday, served in court Thursday and are expected to be handed to Sivulich today.
>
> Sivulich will have until Nov. 9 to respond to the charges."

The remainder of the article discussed the controversy surrounding the wrestling coach position. It pointed out that the new head coach was not as qualified as plaintiff and that the school district had not handled the situation very well.

Plaintiff filed this suit alleging that the statement in the article that "Charges of aggravated battery have been filed against Sivulich" is libelous *per se*.

■■ ■ A false statement is libelous *per se* if it imputes to the plaintiff the commission of a crime. (*Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 395 N.E.2d 1185.) To determine whether the statement is libelous it must be considered in context, giving the words their natural and ordinary meaning. (*Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195.) Plaintiff has the burden of proving the falsity of the statements. (*Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed 789, 94 S. Ct. 2997.) Truth is a defense and a showing of the truth of the gist or sting of the statement is sufficient to avoid liability. *Kilbane v. Sabonjian* (1976), 38 Ill. App. 3d 172, 347 N.E.2d 757.

Plaintiff asserts that there is but one meaning for the statement that "[c]harges of aggravated battery have been filed." Relying on a technical, legal definition, he maintains that the only interpretation

is that criminal felony charges were filed. We do not agree.

■ The natural and ordinary meaning of the word "charged" is broad enough to encompass civil as well as criminal charges. In a generic sense, it includes any assertion against an individual, including averments in a civil complaint. Similarly, while aggravated battery is a defined felony and a term of art, the adjective "aggravated" is commonly understood to describe a more severe act. In light of NeCastro's complaint alleging a violent and malicious battery, the gist or sting of the word "aggravated" was not false.

Furthermore, when the statement is read in the context of the whole article, it is clear that Brow was reporting on civil charges. In the preceding paragraph he referred to personal damages and a loss of $500. The succeeding statements referred to papers being signed and served as well as the time which plaintiff had to respond. None of these terms indicate a criminal proceeding had begun and there were no references to arrests, indictments or criminal sanctions. In fact, the article did not mention that NeCastro had reported the incident to the police.

■ With the exception of an immaterial error as to the date that the complaint was filed, the article is substantially true. There being no genuine issue of material fact, the trial court properly granted defendants' motion for summary judgment. *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.

For the reasons stated, the judgment of the circuit court of Cook County granting defendants' motion for summary judgment is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J.J., concur.