Laurie **HOVEY**, Appellee,

v.

**IOWA STATE DAILY PUBLICATION BOARD, INC., Appellant.**

No. 84–754.

Supreme Court of Iowa.

July 31, 1985.

James A. Brewer of Hegland, New-brough, Johnston, Brewer & Maddux, Ames, for appellant.

Patrick W. Brooks of Brooks, Ward & Trout, Marshalltown, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and WOLLE, JJ.

McGIVERIN, Justice.

Defendant Iowa State Daily Publication Board, Inc. appeals from judgment entered on a jury verdict for plaintiff Laurie Hovey in a libel action. Upon consideration of the controlling issue presented on defendant's appeal and plaintiff's cross-appeal, we reverse and remand. We conclude that de-fendant's motion for directed verdict should have been sustained.

I. *Background facts and proceedings.* On January 26, 1982, plaintiff was working as a bartender at the American Legion Hall in Ames. In the early morning hours of that day, a man named Norman Holby entered the Legion Hall. After being served a beer, Holby violently attacked another customer, knocking him unconscious with a pool cue. Holby then forced plaintiff to perform oral sex upon him.

On the next day Chris Rielley, the city editor of the Iowa State Daily, a student newspaper published by defendant and circulated in the Ames, Iowa, area, heard that a "rape" had taken place the night before at the American Legion Hall. Rielley telephoned the Ames police chief, who told her that a sexual abuse and a robbery had occurred.

Rielley then telephoned Mary Apland, a deputy clerk of the district court in Story County, who told Rielley that Holby had been charged with robbery, willful injury, and sexual abuse. Apland testified that, when Rielley twice spoke of a rape having occurred, she told Rielley each time that the charge against Holby was not rape, but sexual abuse. *See* Iowa Code ch. 709 (1983).

From the information given to her by the police chief and the deputy clerk of court, Rielley wrote an article about the incident, which appeared in the January 27 issue of the Iowa State Daily. The headline of the article stated, "Woman assaulted, man beaten in bar." In the article, Rielley stated that Holby was charged with "raping a bartender" at the American Legion Hall. In another paragraph, the article mentioned that "Holby was charged with second degree sexual assault, willful injury and first degree robbery." The article also noted that bond for the "rape" and robbery charges had been set at $50,000. The article did not identify plaintiff as the bartender on duty the night of the incident. Rielley testified that at the time she wrote the article, she did not know that plaintiff was the person involved.

Plaintiff read the article soon after its publication. She was upset that the article said Holby had been charged with rape. She understood the term "rape" to refer only to forcible genital sexual intercourse, and so believed that the term was falsely used in the article. At trial plaintiff testified that although she had been forced to perform oral sex, no genital sexual intercourse had occurred.

Plaintiff retained an attorney, who wrote on her behalf to defendant requesting a retraction pursuant to Iowa Code section 659.2 of the allegation of rape. On February 10 a correction was published which stated that the charge against Holby was not rape, but second degree sexual abuse.

Thereafter, plaintiff brought the present action against defendant alleging that the January 27 newspaper article constituted a libel.

After trial, the jury returned a verdict for plaintiff and the court entered judgment thereon. This appeal by defendant followed, assigning numerous errors. Plaintiff also cross-appeals on several issues. However, we conclude that one issue raised by defendant newspaper publisher disposes of the case.

II. *Truthfulness of the article.* At the close of all the evidence, defendant moved for a directed verdict on several grounds, one of which was that the January 27 article was truthful and, therefore, not actionable as a matter of law. Defendant argues that the word "rape" is broad enough to include not only forcible genital sexual intercourse but any forced sex act, including oral sex. Because of this, defendant maintains that the article was truthful when it spoke of Holby being charged with raping a bartender.

Defendant's timely motion for a directed verdict was overruled. Defendant now maintains that this denial was error. We agree.

The essence of defendant's argument is that the article used the word "rape" in the broad sense of "any forced sex act," and in that sense the word was accurate and truthful. Defendant also refers us to dictionary definitions of "rape" that include: "any sexual assault upon a person," *Webster's New World Dictionary of the American Language*, Second College Edition 1177 Simon and Schuster (1976); "an outrageous violation," *Webster's Third New International Dictionary* 1882 (1976).

Although our Iowa cases have long held that truth is a complete defense to a defamation action, these cases have not specifically addressed the issue of substantial truth as a defense. *See Cowman v. LaVine*, 234 N.W.2d 114 (Iowa 1975); *Vojak v. Jensen*, 161 N.W.2d 100 (Iowa 1968); *Children v. Shinn*, 168 Iowa 531, 150 N.W. 864 (1915).

We may look at the *Restatement (Second) of Torts* § 581A (1976) in determining whether substantial truth, like absolute truth, is a complete defense to an action for defamation. Section 581A of the *Restatement* provides:

One who publishes a defamatory statement of fact is not subject to liability for defamation if the statement is true.

The *Restatement* further provides by comment:

[M]any charges are made in terms that are accepted by their recipients in a popular rather than a technical sense....

It is not necessary to establish the literal truth of the precise statement made. Slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance.

*Restatement (Second) of Torts* § 581A comment f (1976). Under this view, it is sufficient to show that the charge or imputation is "substantially true, or as it is often put, to justify the 'gist', the 'sting' or the 'substantial truth' of the defamation." W. Prosser and W. Keeton, *Prosser and Keeton on The Law of Torts* 842 (5th ed. 1984).

The substantial truth standard has been adopted in many jurisdictions which have considered the issue. Those courts have held that technical errors in legal terminology and reports of matters involving violation of the law are of no legal consequence. *See Brueggemeyer v. Associated Press*, 609 F.2d 825, 826 (5th Cir.1980) (allegedly

exaggerated reports of amounts of court ordered restitution); *Orr v. Argus-Press Co.*, 586 F.2d 1108, 1112 (6th Cir.1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979) ("swindle" substituted for "defraud"); *Lambert v. Providence Journal Co.,* 508 F.2d 656, 658 (1st Cir. 1975), *cert. denied,* 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 45 (1975) ("shooting death" or "homicide victim" characterized as "murder victim"); *Simonson v. United Press International, Inc.,* 654 F.2d 478, 481 (7th Cir.1981) (second degree sexual abuse characterized as a "rape").

In view of the persuasiveness of the foregoing cases, we adopt the view espoused in the *Restatement (Second) of Torts* § 581A comment f that if an allegedly defamatory statement is substantially true, it provides an absolute defense to an action for defamation. We must now determine if the statement in the Iowa State Daily newspaper stating that Holby was charged with raping a bartender, when he actually sexually assaulted her, meets the substantial truth standard.

The definition of the crime of rape provided by the criminal law of Iowa was subsumed into the crime of sexual abuse with the adoption of the new Iowa Criminal Code which became effective January 1, 1978. *See* Iowa Code § 698.1 (1977); *cf.* Iowa Code § 709.1 (1979). Legal writers who have attempted to interpret the new Iowa Criminal Code, including chapter 709, have noted that the terms "rape" and "sexual abuse" are regarded interchangeably. *See* 1 J. Roehrick, *The New Iowa Criminal Code, A Comparison,* 97 (Association of Trial Lawyers 1978); Iowa Criminal Law Handbook 157, (Iowa Department of Justice 1981).

In *Simonson v. United Press International, Inc.,* 654 F.2d 478 (7th Cir.1981), the issue of whether the terms "rape" and "sexual abuse" could be used interchangeably arose.

The plaintiff, a judge who had been removed from office by way of a recall, sued the United Press International and the Associated Press for defamation. He alleged he was libeled by a dispatch stating he

suspended the sentence of a male juvenile who had "raped" a girl at school, when the boy was actually charged with second degree sexual assault. The facts indicated that sexual intercourse had in fact occurred. The court held that "The dispatches were in no manner made false by substituting the word in common usage for an exact legalism." *Id.* at 482.

That case and the other authorities cited above lead us to believe that the January 27 article was substantially truthful regarding plaintiff. The difference between the truth and the reported truth was not material enough for the inaccuracy to be actionable. For that reason we conclude that defendant established its defense of truth as a matter of law. The trial court erred in denying defendant's motion for a directed verdict.

Under the view we take of this case we need not address the other issues raised on the appeal and cross-appeal. The judgment of the trial court is reversed and the case remanded with instructions that the court dismiss the plaintiff's petition. *See* Iowa R.App.P. 26.

REVERSED AND REMANDED.