**Michael Allen VACHET,
Plaintiff-Appellant,**

v.

**CENTRAL NEWSPAPERS, INC., a corporation, Defendant-Appellee.**

**No. 86–1106.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 28, 1987.

Decided April 8, 1987.

Guy E. McGaughey, Jr., McGaughey & McGaughey, Lawrenceville, Ill., for plaintiff-appellant.

Robert P. Johnstone, Barnes & Thornburt, Indianapolis, Ind., for defendant-appellee.

Before WOOD, POSNER, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In this diversity suit, appellant Michael Vachet filed a libel claim against Central Newspapers. He claimed that the newspaper had falsely reported that he had been arrested and charged with a criminal offense involving moral turpitude. The district court granted the newspaper's motion for summary judgment based on its defense of substantial truth. We affirm.

I

The brutal rape of an eighty-three year-old woman in Vincennes, Indiana in October 1983 led the local police to search for Michael Saucerman, their primary suspect. On November 21, 1983, Michael Vachet contacted the police and told them he knew where Saucerman could be found. Saucerman had been traveling with Vachet, in Vachet's truck, until November 14. After a purported attempt by Vachet to arrange Saucerman's surrender had failed, the Vincennes police decided to arrest Vachet for harboring a fugitive in violation of Ind. Code § 35–44–3–2(2).

On November 22, a Vincennes police lieutenant prepared an affidavit to obtain a warrant for Vachet's arrest. However, shortly after delivering the affidavit to the prosecutor's office, the lieutenant learned that Vachet was planning to enter Indiana from Illinois, the place of his residence. Upon the lieutenant's order, a Vincennes police officer arrested Vachet as he crossed

the Red Skelton Memorial Bridge. The arresting officer informed Vachet that he was being arrested for harboring Saucerman.

Vachet was transported to the police department where the lieutenant filled out an arrest card that stated that Vachet had been arrested for harboring a fugitive. A police report, also prepared by the lieutenant, stated that Vachet was arrested "for harboring a fugitive on a warrant out of Knox Superior Court." The lieutenant later discovered that no arrest warrant had been issued because the prosecutor's office had failed to complete the paperwork.[1]

A reporter for Central Newspapers who wrote for the Vincennes Sun-Commercial (a newspaper circulated in Vachet's county of residence in Illinois) found the arrest card stating that Vachet had been arrested on the charge of harboring a fugitive. The reporter was further informed by a radio dispatcher for the police department that Vachet had been arrested on a warrant issued by the Knox Superior Court.

The reporter wrote an article for the Sun-Commercial based on the information he learned at the police department. The article, that appeared in the November 23, 1983 edition of the newspaper, stated:

## MAN ACCUSED OF HELPING FUGITIVE

Vincennes Police arrested a Lawrenceville, Ill., man Tuesday on charges of harboring a fugitive and driving while his driver's license was suspended.

Michael Vachet, 24, Lawrenceville, was arrested by city police as he crossed the Red Skelton Memorial Bridge. Police arrested Vachet on a warrant issued in Knox County Superior Court alleging that Vachet knows the whereabouts of Mike B. Saucerman. Saucerman is wanted by Knox County law enforcement authorities on a charge of attempted murder and other charges.

Saucerman was arrested on the same day that this article was published. The newspaper carried a report of Saucerman's arrest the next day, and it concluded with the following paragraph about Vachet:

In a related matter, city police Tuesday arrested Michael Vachet, 24, Lawrenceville, Ill., and charged him with harboring Saucerman. Police arrested Vachet on a warrant issued in Knox County Superior Court. The warrant alleged that Vachet knew Saucerman's whereabouts. Vachet was arrested as he crossed the Red Skelton Memorial Bridge.

Based upon these two articles, Vachet filed a complaint alleging libel in the district court against Central Newspapers. Jurisdiction was predicated on diversity of citizenship. *See* 28 U.S.C. § 1332. The complaint alleged that Central Newspapers falsely reported that Vachet had been arrested and charged with a criminal offense involving moral turpitude. Specifically, Vachet claimed that the two articles caused him to appear to be associated with an alleged rapist of an eighty-three year-old woman. Vachet asked for $3,200,000 in compensatory damages and punitive damages of $16,000,000.

The newspaper's answer listed several defenses, one of which was the substantial truth of the articles. During discovery, Vachet admitted that, on November 22, 1983, he was arrested by the Vincennes police on the charge of harboring a fugitive suspected of rape. The newspaper moved for summary judgment. The district court granted the motion on the basis of the newspaper's defense of substantial truth. Vachet appeals. He alleges, in essence, that the newspaper articles were not substantially true and that summary judgment was therefore improper.

## II

Federal Rule of Civil Procedure 56(c) provides that granting summary judgment is proper where there is no genuine issue of material fact and the moving party is enti-

---

1. Under Indiana law, however, a police officer does not need a warrant to arrest a person on a felony charge. Ind.Code § 35–33–1–1(2).

tled to judgment as a matter of law. In determining whether the district court appropriately granted summary judgment, all factual inferences must be taken in favor of the opposing party and against the moving party. *Local Beauty Supply, Inc. v. Lamaur, Inc.*, 787 F.2d 1197, 1200 (7th Cir.1986). "Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir.1986) (citing Fed.R. Civ.P. 56(e)).

[redacted] In the case at hand, the district court granted Central Newspapers' motion for summary judgment based upon one of its defenses, the substantial truth of the printed statements.[2] In support, Central Newspapers filed, among other documents, Vachet's deposition in which he admitted that he was arrested for harboring a fugitive, Michael Saucerman. Under Illinois law,[3] truth has historically been a defense to claims of libel. *Cook v. East Shore Newspapers*, 327 Ill.App. 559, 576, 64 N.E.2d 751, 759 (1946).

[redacted] Vachet submits that the newspaper articles were not completely true because they stated he was arrested on a warrant issued by the Knox County Superior Court when, in fact, no warrant had been issued. To establish truth as a defense in a defamation action, however, it is not necessary to establish the literal truth of the article; rather, only "substantial truth" is required for this defense. *American Int'l Hosp. v. Chicago Tribune*, 136 Ill.App.3d 1019, 1022, 91 Ill.Dec. 479, 482, 483 N.E.2d 965, 968 (1985). In other words, a showing of the truth of the "gist" or "sting" of the alleged defamatory imputation is sufficient. *Tunney v. American Broadcasting Co.*, 109 Ill.App.3d 769, 774, 65 Ill.Dec. 294, 297, 441 N.E.2d 86, 89 (1982); *see also Sivulich v. Howard Publications, Inc.*, 126 Ill.App.3d 129, 131, 81 Ill.Dec. 416, 418, 466 N.E.2d 1218, 1220 (1984). The "gist" or "sting" of the alleged defamation means the heart of the matter in question—the hurtfulness of the utterance. *Tunney*, 109 Ill.App.3d at 774, 65 Ill.Dec. at 298, 441 N.E.2d at 90; *Mitchell v. Peoria Journal-Star, Inc.*, 76 Ill. App.2d 154, 161, 221 N.E.2d 516, 520 (1966). In *Wilson v. United Press Ass'n*, 343 Ill.App. 238, 240, 98 N.E.2d 391, 392 (1951), the court held that in determining the "gist" or "sting" of a newspaper article, it must look at the highlight of the article, the pertinent angle of it, and not to items of secondary importance which are inoffensive details, immaterial to the truth of the defamatory statement.

[redacted] Here, the "gist" or "sting" of which Vachet complains is his association with a suspected rapist of an elderly woman because he was arrested for harboring a fugitive. Yet, he admits that he was arrested on the charge of harboring Saucerman, who was suspected of committing such an act. Likewise, Vachet's arrest for harboring a fugitive is the highlight of the articles as they relate to him. The particulars of the arrest—whether it was pursuant to an arrest warrant or authorized by a state statute—are inoffensive details of secondary importance. Both methods of arrest require a showing of probable cause,[4] and the difference is immaterial to the truth of the defamatory statement that Vachet was arrested and charged with harboring Saucerman. *See Watson v. Herald-Despatch,*

2. Central Newspapers also moved for summary judgment on the ground that it was not negligent in publishing the statements. The district court, however, stated that it was ruling in favor of Central Newspapers solely on the defense of substantial truth. Therefore, Vachet's arguments on appeal on the issue of negligence are irrelevant.

3. The parties and the district court agreed that Illinois common law governed Central Newspapers' motion for summary judgment. Absent some compelling reason of policy, this court will not disturb the district judge's choice of law where neither party objected to that choice in the district court. *International Adm'rs v. Life Ins. Co.*, 753 F.2d 1373, 1376 (7th Cir.1985).

4. *See* Ind.Code § 35-33-1-1 (permitting a police officer to arrest a person when he has probable cause to believe the person has committed a felony); Ind.Code § 35-33-2-1(c)(2) (the issuance of a warrant by a judge requires a finding of probable cause).

221 Ill.App. 557, 560 (1921) (the gist of the libel would be the allegedly false statement that a crime had been charged; other misstatements concerning the details of the arrest were immaterial and formed no basis for libel action).

Vachet also objects to another minor inaccuracy in the articles concerning the warrant: that it alleged he knew of Saucerman's whereabouts. He reasons that this improperly associated him with Saucerman. However, implicit in the charge of harboring a fugitive is a relationship or link between the arrestee and the fugitive. Vachet's reputation was no more damaged by what the articles stated than by his admission that he was arrested for harboring a fugitive, Saucerman. Thus, the newspaper's reports were substantially true, and summary judgment was properly granted on this ground.

■ Finally, Vachet claims that the grant of summary judgment was improper because he was out of the state at the time the motion was before the court and he was unable to file his affidavit in opposition. He argues that the district court should have applied Rule 56(f), which permits a court to grant a continuance when affidavits are unavailable. However, Vachet failed to request a continuance. Therefore, it was not error for the district court to proceed in ruling on the motion. This court has held that, if a party cannot present by affidavit facts essential to justify his opposition to a motion for summary judgment, he should move for a continuance to obtain discovery under Rule 56(f). *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986).

Therefore, the decision of the district court is

AFFIRMED.