**Charles BEHR, Appellee,**

v.

**MEREDITH CORPORATION, a corporation, Appellant.**

No. 86–574.

Supreme Court of Iowa.

Oct. 21, 1987.

Glenn L. Smith and Hugh J. Cain of Duncan, Jones, Riley & Finley, Des Moines, for appellant.

Joseph L. Straub, Algona, and David A. Opheim and Steven W. Hendricks of Kersten, Opheim & Carlson, Fort Dodge, for appellee.

LAVORATO, Justice.

We granted the Meredith Corporation's application for interlocutory appeal to determine whether the district court properly denied Meredith's motion for summary judgment. The plaintiff, Charles Behr, alleges that Meredith defamed him in an article published in its magazine, *Successful Farming*. Denying this charge, Meredith asserts, among other things, that there is no genuine issue of material fact because the statements about Behr were substantially true, an absolute defense to a defamation action. Because we agree, we reverse and remand for entry of an order granting the motion for summary judgment for Meredith.

I. The dispute in this case arose when an article in *Successful Farming*, a magazine published by the Meredith Corporation, mentioned Charles Behr's conviction on a federal charge of filing false claims with the Federal Crop Insurance Corporation (FCIC). Behr is the owner of agricultural operations in Iowa and Missouri. He had insured his 1980 soybean crop with the FCIC and then had understated the crop's yield when he submitted insurance claims for supposed losses totaling $108,110.

After an investigation by the United States Department of Agriculture (USDA), Behr was charged with filing false claims with the FCIC, a crime punishable by not more than five years in prison and a $10,000 fine. *See* 18 U.S.C. § 287. Behr pleaded guilty. He was fined $10,000 and sentenced to thirty days imprisonment and 400 hours of community service to be performed during a one-year probationary period.

Two newspaper articles about Behr's conviction said that a USDA official had referred to this case as the largest fraud against the FCIC ever uncovered.

Against this background, *Successful Farming*, in October 1983, published an article entitled "How Farmers Steal From the Government." The article was written by the magazine's assistant editor, Preston Smith. Smith wrote that

[f]armer Charles Behr, Algona, Iowa, understated his 1980 soybean crop by 11,000 bushels. He had insured his beans with FCIC at the highest coverage, six dollars per bushel. Behr received more than $100,000 in indemnity claims. He was sentenced to thirty days in prison, one-year probation, 400 hours of community service, and fined $10,000.

This paragraph, the only mention of Behr in the article, was included among other examples of similarly illegal acts by farmers. Smith noted none of the farmers listed could be reached for comment and his information about them had come from USDA and court records.

Behr then brought this defamation action, claiming the article was untrue in its implication that he had actually received money from the FCIC when in fact he had not. Meredith moved for a summary judgment. *See* Iowa R.Civ.P. 237. After the district court denied the motion, we accepted Meredith's application for interlocutory appeal. *See* Iowa R.App.P. 2. On appeal Meredith assigns a number of grounds for reversal, one of which, we conclude, is determinative of this appeal.

II. In deciding whether summary judgment is appropriate in this case, we will apply the standards we have often stated:

Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving party, and a fact question is generated if reasonable minds can differ on how the issue should be resolved.

*Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984) (quoted in *Martinko v. H–N–W Assocs.,* 393 N.W.2d 320, 321 (Iowa 1986)); *see also Brubaker v. Barlow,* 326 N.W.2d 314, 315 (Iowa 1982); *McCarney v. Des Moines Register & Tribune Co.,* 239 N.W. 2d 152, 154 (Iowa 1976); Iowa R.Civ.P. 237(c) ("The judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact....").

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court, in discussing the standards for summary judgment in defamation cases, applied Federal Rule of Civil Procedure 56, which is virtually identical to the Iowa rule. In making a summary judgment decision, the Court said, a judge must perform "the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 213.

As under the Iowa rule, federal rule 56 mandates summary judgment should be granted if there is "no genuine issue as to any material fact." According to *Anderson,* the materiality issue must be decided by reference to the substantive law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at ——, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. Further, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at ——, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12.

Hence, in deciding whether Meredith's summary judgment motion should have been granted, we must determine whether any facts have been presented over which a reasonable difference of opinion could exist that would affect the outcome of the case.

III. This brings us, then, to the determinative issue in this appeal: whether there is a genuine issue of material fact as to Meredith's substantial truth defense urged in its motion for summary judgment.

For his defamation claim, Behr relies on the article's statement that "Behr received more than $100,000 in indemnity claims." Behr contends this statement, in the context of the whole article, conveys the false impression that he received $100,000 in money from the FCIC, although, in truth, he received nothing of value.[1]

Meredith, on the other hand, argues the article is substantially true and Behr is quibbling about the use of legal terms which, even if technically incorrect, do not detract from the defense.

The district court ruled the statement Behr complains about raised a genuine issue of material fact as to the substantial truth defense.

Joining a growing number of jurisdictions, we recently recognized substantial truth as a defense in a defamation action. *Hovey v. Iowa State Daily Publication Bd., Inc.*, 372 N.W.2d 253, 256 (Iowa 1985). Thus, it is no longer necessary for a libel defendant to establish the literal truth of the publication in every detail as long as the "sting" or "gist" of the defamatory charge is substantially true. *Id.* at 255.

The gist or sting of the defamatory charge, according to one court, is "the heart of the matter in question—the hurtfulness of the utterance." *Vachet v. Central Newspapers, Inc.*, 816 F.2d 313, 316 (7th Cir.1987). We determine the gist or sting by "look[ing] at the highlight of the [publication], the pertinent angle of it, and not to items of secondary importance which are inoffensive details, immaterial to the truth of the defamatory statement." *Id.* (newspaper articles falsely stated plaintiff was arrested on a warrant; method of arrest held immaterial to the truth of defamatory statement that plaintiff was arrested and charged with harboring suspected rapist of an elderly woman).

If the underlying facts as to the gist or sting of the defamatory charge are undisputed, the court may determine substantial truth as a matter of law. *Fendler v. Phoenix Newspapers Inc.*, 130 Ariz. 475, 480, 636 P.2d 1257, 1262 (Ct.App.1981). In that event, the test, for summary judgment purposes, is whether the plaintiff would have been exposed to any more opprobrium had the publication been free of error. *See id.; Fort Worth Press Co. v. Davis*, 96 S.W.2d 416, 419 (Tex.Civ.App.1936) (an accusation that a mayor of a town wasted $80,000 of the taxpayers' money held justified by proof that he wasted $17,500 because no more opprobrium is attached to the greater amount).

With these principles in mind, we turn to the publication under attack to determine whether it is substantially true as a matter of law.

Our reading of the whole article convinces us its pertinent angle is farmer fraud directed at the federally funded farm programs. Five examples are reported, among them a four sentence paragraph containing the allegedly false statement about Behr.

The first sentence of the paragraph describes Behr as a farmer from Algona, Iowa, who understated his 1980 soybean crop by 11,000 bushels. Neither fact is disputed.

The second sentence reports Behr insured his beans with FCIC at the highest coverage, six dollars per bushel. Again, no dispute exists as to this fact.

The third sentence states "Behr received more than $100,000 in indemnity claims." We are inclined to agree with Behr that this statement could be construed to mean he received money. The article is entitled, "How Farmers Steal From the Government." The subtitle states some farmers "grow rich at the taxpayers' expense." All of the farmers mentioned, with the exception of Behr, are reported to have received cash, either directly from a government agency or through illegal sales of collateral. And,

---

1. Part of a USDA investigation report relied upon by Smith states that "Behr's indemnity payments were withheld pending the outcome of this investigation."

finally, the article cites Notre Dame Law Professor G. Robert Blakey's estimate that farmers steal more than $2 million dollars annually from the federal government. The plain meaning of the language used and the context in which it is used suggest that Behr received some sort of payment from the FCIC, an implication which is not true.

The fourth and last sentence accurately reports the judgment entered against Behr: a $10,000 fine, a thirty-day prison sentence, and 400 hours of community service to be performed during a one-year probationary period.

With the exception of the third sentence, all the matters reported about Behr are true. Thus, we are first faced with the question whether the third sentence constitutes the gist or sting of the paragraph about Behr. We conclude, as a matter of law, that it does not.

The gist or sting flowing from the paragraph, as we perceive it in light of the whole article, is that Behr was adjudged guilty of a crime involving fraud against the federal government as were the other four farmers mentioned in the article. As we previously pointed out, the facts underlying the gist or sting here are undisputed.

Moreover, whether Behr received any money is immaterial to the truth of the gist or sting that he was convicted of fraud, the heart of the matter in question, because receiving money is not the essence of the offense. The essence of the offense is the filing of false claims, a matter correctly reported about Behr in the article. *See United States v. Coachman,* 727 F.2d 1293, 1302 (D.C.Cir.1984) ("An essential element of false claims [under 18 U.S.C. section 287] is that the accused has presented a claim knowing it to be false, fictitious or fraudulent, but there is no requirement that the claim has actually been honored."); 18 U.S.C. § 287.[2]

Damage to Behr's reputation does not result from an implication that he received money but from the fact that he was adjudged guilty of a fraudulent crime by a court of law. The uncontroverted fact is that Behr *was* so adjudged, and the sting is substantially the same whether he received money or not. Thus, if the paragraph about Behr had been error free, we think he would have been exposed to "roughly the same amount of community opprobium." *Zerangue v. TSP Newspapers, Inc.,* 814 F.2d 1066, 1074 (5th Cir.1987). As with the determination of the gist or sting, we likewise come to this last conclusion as a matter of law.

Based on the above analysis, we conclude the paragraph about Behr is substantially true as a matter of law. This case is not unlike a number of cases in which substantial truth has been successfully asserted as a matter of law by a libel defendant who misstated a plaintiff's involvement in the criminal justice system. *See, e.g., Fendler v. Phoenix Newspapers Inc.,* 130 Ariz. 475, 480, 636 P.2d 1257, 1262 (Ct.App.1981) (defendant printed that plaintiff was "doing four-to-five years in prison" when in fact he was free pending appeal); *Sivulich v. Howard Publications, Inc.,* 126 Ill.App.3d 129, 131, 466 N.E.2d 1218, 1219–20 (1984) (defendant printed that plaintiff was "charged" with battery; in truth, plaintiff had been civilly sued for same act); *Hovey,* 372 N.W.2d at 254–55 (defendant printed that plaintiff-victim had been raped; actually, she had been forced to commit an oral sex act and no genital sexual intercourse had occurred); *Bill Partin Jewelry, Inc. v. Smith,* 467 So.2d 188, 189 (La.Ct.App.1985) (defendants broadcast an allegation that plaintiff had participated in burglary; actually, plaintiff had been accused only of receiving burglarized property); *Bosley v. Hebert,* 385 So.2d 430, 431 (La.Ct.App.1980) (plaintiff actually arrested for theft of washing machine but reported as having been arrested for theft by issuing worthless checks); *Hamilton v. Lake Charles Am. Press, Inc.,* 372 So.2d 239, 240–41 (La.

---

**2.** Section 287 provides in pertinent part: Whoever makes or presents to ... any department, or agency [of the United States], any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Ct.App.), *writ denied*, 375 So.2d 943 (La. 1979) (defendant printed that plaintiff was disbarred and convicted for faking automobile accidents to defraud insurance companies; actually, plaintiff's disbarment had been stayed pending appeals, and his conviction had been for conspiracy to commit mail fraud dealing with faked accidents); *Rosen v. Capitol City Press*, 314 So.2d 511, 512 (La.Ct.App.1975) (defendant reported plaintiff-doctor was indicted for distributing narcotics; instead, he had been indicted for illegally distributing stimulants).

As one court observed,

[t]he common thread running through all these cases is that the defendant reported the substance of the criminal proceedings, but erred in the use of legal terminology. The man in the street would be likely to characterize the mistake as a "technicality." In these cases if the defendant's story had been free of error, the plaintiff would have been exposed to roughly the same amount of community opprobrium. Theft by writing bad checks "stings" no more than theft of a washing machine. . . .

*Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1074 (5th Cir.1987).

Having determined what is the gist or sting, that it is substantially true, and that Behr would have been exposed to no more community opprobrium had the paragraph about Behr been error-free, we hold that Meredith's substantial truth defense is established as a matter of law. Simply put, Behr would have suffered no more hurt had the paragraph about him been completely true. About this, we are convinced reasonable minds would not differ. We hasten to add this is probably the kind of case one court had in mind when it said, "[T]o avoid a 'chilling effect' on the exercise of First Amendment rights, the media must be allowed 'breathing space.'" *Hopkins v. Keith*, 348 So.2d 999, 1002 (La.Ct. App.), *writ denied*, 350 So.2d 893 (La.1977).

IV. Because substantial truth is established in this case as a matter of law, we conclude the district court incorrectly determined a genuine issue of material fact existed as to Meredith's substantial truth defense. Consequently, the court erred in denying Meredith's motion for summary judgment. We reverse and remand the case to the district court for entry of an order granting the motion for summary judgment.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except CARTER and SNELL, JJ., who take no part.