**HERTZ FARM MANAGEMENT, INC., Receiver in Winnebago County Equity Number 13557, Plaintiff–Appellee,**

v.

**R.D. TWITO and Dominy Twito, husband and wife, and Keith Twito, Defendants–Appellants.**

No. 87–1816.

Court of Appeals of Iowa.

Nov. 29, 1988.

Michael J. Cross of Coonley & Coonley, Hampton, for defendants-appellants.

Richard H. Moeller of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for plaintiff-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

OXBERGER, Chief Judge.

Defendants, R.D. Twito, Dominy Twito, and Keith Twito, appeal from the district court judgment granting plaintiff's motion for summary judgment. The district court awarded plaintiff $7,000 from the defendants for recovery of rents payable under a lease of the mortgaged property. Defendants contend that summary judgment was inappropriate because there are several disputed issues of material fact. We affirm in part, reverse in part, and reverse and remand in part.

On September 17, 1985, the Federal Land Bank of Omaha filed a petition for foreclosure against R.D. and Dominy Twito and requested the appointment of a receiver over the mortgaged real estate in Winnebago County. The mortgage provided for the collection of rents and profits and for the appointment of a receiver.

On April 14, 1986, R.D. Twito, in his capacity as landlord, and Keith Twito, in his capacity as tenant, entered into a lease agreement for the property which is the subject of the mortgage. The lease covered the period from March 1, 1986, to March 1, 1987. The lease provided for rent of $7,000, the receipt of which was acknowledged. The lease also provided that as part consideration of the rent paid, Keith was to receive room and board at the residence of R.D. and Dominy Twito.

On May 22, 1986, Hertz was appointed receiver of the real estate and was ordered to collect the rents and profits from the property. Hertz instituted this action to collect the $7,000 rental payment.

Hertz moved for and was granted summary judgment. The Twitos appeal that decision and contend that there are four specific genuine issues of material fact which preclude a finding of summary judgment. They are:

1.  whether Dominy Twito was a party to the lease;
2.  whether Keith Twito is properly a defendant in this summary judgment proceeding where he was never served with Notice of Hearing and was not present at nor represented at the Summary Judgment Hearing;
3.  whether the written lease represented a new lease or a written verification of an existing leasehold;
4.  whether the fair rental value of the property which is the subject of the mortgage was $7,000.

In deciding whether summary judgment is appropriate, we apply the standards which have been set:

Summary judgment is proper when there is no genuine issue of fact and the moving party is entitled to the judgment as a matter of law. The burden of showing the nonexistence of a material fact is upon the moving party. While an adverse party generally cannot rest upon his pleadings when the moving party has supported his motion, summary judgment is still not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. In this respect, summary judgment is functionally akin to a directed verdict; every legitimate inference that reasonably can be deduced from the evidence should be afforded the nonmoving

party, and a fact question is generated if reasonable minds could differ on how the issue should be resolved.

*Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987) (citing *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984) (quoted in *Martinko v. H–N–W Assocs.,* 393 N.W.2d 320, 321 (Iowa 1986)); *see also Brubaker v. Barlow,* 326 N.W.2d 314, 315 (Iowa 1982); *McCarney v. Des Moines Register & Tribune Co.,* 239 N.W.2d 152, 154 (Iowa 1976); Iowa R.Civ.P. 237(c) ("The judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact....").

Plaintiff concedes that while Dominy Twito is a party to the real estate mortgage as a record titleholder, she is not a party to the lease. As such, summary judgment is not appropriate against her. Plaintiff also concedes that summary judgment is not proper against Keith Twito absent notice of hearing and opportunity to be present at the summary judgment hearing. We agree that the facts cited above make summary judgment inappropriate as against these two parties. Accordingly, we reverse the trial court's finding of summary judgment as against Dominy Twito and Keith Twito. However, these concessions are not fatal to a finding of summary judgment against R.D. Twito.

The defendants' third contention is that there exists a genuine issue of material fact as to whether or not the written lease agreement between R.D. Twito and Keith Twito was a new lease or a written verification of an existing leasehold.

The standard for a grant of summary judgment is that there exists "no genuine issue of material fact." *Knapp v. Simmons,* 345 N.W.2d at 121. Materiality is determined in reference to the substantive law. *Behr v. Meredith Corp.,* 414 N.W.2d 339, 341 (Iowa 1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The question as to the characterization of the lease agreement is not material as it does not affect the outcome of the suit. Regardless of whether the lease is a written lease reaffirming an existing leasehold or a new lease, the plaintiff is still entitled to rents and profits pursuant to the mortgage. We find that while there may be a question as to the character of the lease, because the question is not material, it does not preclude a grant of summary judgment.

The defendants' fourth contention is that there exists a genuine question of material fact as to the fair rental value of the property which is the subject of the mortgage. While the lease between R.D. Twito and Keith Twito did provide for rent in the amount of $7,000, it also provided that as part consideration for the rent paid Keith was to receive room and board at the residence of R.D. and Dominy Twito. Defendants contend that the fair rental value of the property which is the subject of this action is something less than $7,000 ($7,000 minus the value of room and board to Keith at the Twito residence).

We find that the language of the lease agreement, as reviewed above, creates a genuine issue of material fact as to the fair rental value. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Iowa R.Civ.P. 237(c). Accordingly, in this case, we affirm the grant of summary judgment against R.D. Twito that plaintiff is entitled to recover the rental value of the property under the lease. However, we reverse and remand on the issue of fair rental value. We reverse and remand the trial court's finding of summary judgment against both Dominy Twito and Keith Twito.

Costs shall be taxed one-half against appellant R.D. Twito and one-half against plaintiff-appellee.

AFFIRMED IN PART, REVERSED IN PART, AND REVERSED AND REMANDED IN PART.