Norman L. CAMPBELL,
Plaintiff–Appellant,

v.

QUAD CITY TIMES, a DIVISION OF
LEE ENTERPRISES, INCORPORAT-
ED, a Delaware corporation, Defendant–
Appellee.

No. 94–828.

Court of Appeals of Iowa.

Feb. 28, 1996.

Norman L. Campbell, Davenport, pro se.

John D. DeDoncker of Lane & Waterman, Davenport, for appellee.

Heard by HAYDEN, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Norman L. Campbell sued the Quad City Times, a division of Lee Enterprises, Incorporated, claiming it libeled him. Mr. Campbell claims he was defamed in the following article published by the Quad City Times on July 20, 1991.

*Police Arrest Couple on Tax–Related Charge*

BLUE GRASS, IOWA—A Blue Grass couple was arrested Friday on charges accusing them of failing to produce income tax records.

Federal marshals arrested Norman L. Campbell, 61, and Janice E. Campbell, 48, of 6480 131st Street, about 8 a.m. at their home. He owns Campbell Office Supply in Davenport.

Officials said the couple was taken before Chief Judge Harold Vietor of the U.S. District Court in Des Moines. He ordered them both held in contempt of court for refusing to produce tax records for the years 1988–1989.

Norman Campbell failed to pay a portion of his taxes in 1989, officials said. Vietor ordered him imprisoned for 120 days and fined $100 per day, up to a maximum of $10,000, until he produces the records.

Mrs. Campbell was released from custody, but also was fined $100 per day up to the

maximum of $10,000 until she produces the records.

The Quad City Times filed a motion for summary judgment, claiming their story was substantially correct. Mr. Campbell subsequently filed a motion for change of venue. The motion for change of venue was primarily based upon a claim that, because Mr. Campbell had filed complaints with the Judicial Qualifications Commission regarding three Seventh Judicial District judges, he could not receive a fair trial in that district. He also claimed the inhabitants of Scott County could not give him a fair trial.

The district court denied the motion for change of venue. By a different judge, the court granted the Quad City Times' motion for summary judgment. It held the Quad City Times' story was substantially correct.

Mr. Campbell appeals.

**I.** *Motion for Summary Judgment.* Mr. Campbell first contends the district court erred in granting the motion for summary judgment. Summary judgment is appropriate only if there exists no genuine issue of material fact. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). We agree with Mr. Campbell the moving party, here Quad City Times, has the burden to show the nonexistence of a material fact. *Id.* We also agree the evidence must be viewed in the light most favorable to Mr. Campbell as the nonmoving party. *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986).

A motion for summary judgment is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded Mr. Campbell as the nonmoving party. *Id.* A fact issue is generated if reasonable minds can differ on how the issue should be resolved. *Id.* If the conflict in the record consists only of legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Milne*, 424 N.W.2d at 423.

Defamation has been defined as the invasion of the interest in reputation and good name. *Johnson v. Nickerson*, 542

N.W.2d 506, 510 (Iowa 1996). In Iowa, substantial truth is recognized as a defense in a defamation action. *Hovey v. Iowa State Daily Publication Bd., Inc.*, 372 N.W.2d 253, 256 (Iowa 1985). As a result, libel defendants are not required to establish the literal truth of every detail of the publication, as long as the "sting" or "gist" of the defamatory charge is substantially true. *Id.* at 255. Our supreme court has provided the following as the standard in determining whether summary judgment should be granted in defamation cases.

If the underlying facts as to the gist or sting of the defamatory charge are undisputed, the court may determine substantial truth as a matter of law. In that event, the test, for summary judgment purposes, is whether the plaintiff would have been exposed to any more opprobrium had the publication been free of error.

*Behr v. Meredith Corp.*, 414 N.W.2d 339, 342 (Iowa 1987) (cites omitted).

The facts in *Behr* can be analogized to the circumstances before us. In *Behr*, the plaintiff received a $10,000 fine, was given 400 hours of community service work, and imprisoned. The plaintiff complained the article libeled him by stating he received more than $100,000 from filing false claims, when in fact cash was never paid.

In *Behr*, our supreme court held the gist or sting of a defamatory charge is "the heart of the matter in question—the hurtfulness of the utterance." *Behr*, 414 N.W.2d at 342 (quoting *Vachet v. Central Newspapers, Inc.*, 816 F.2d 313, 316 (7th Cir.1987)). The gist or sting is determined by looking at the highlight of the publication and not to items of secondary importance and immaterial to the truth of the defamatory statement. *Id.*

The gist or sting of the article published by the Quad City Times was (1) the Campbells failed to provide tax records; (2) the Campbells were later arrested as a result; and (3) a punishment was imposed following the arrest. The underlying facts as to the gist of the defamatory charge are undisputed. The federal documents clearly show (1) the Campbells failed to comply with a summons issued by the Internal Revenue

Service; (2) the Campbells failed to comply with a court order enforcing the summons; (3) the Campbells failed to make an appearance in United States District Court on July 5, 1991, to show cause why they should not be held in contempt of court; (4) a warrant for Norman Campbell's arrest was issued on July 8, 1991;[1] (5) Norman Campbell was arrested on July 19, 1991; (6) the Campbells were found in civil contempt of court for willful failure to comply with a District Court order; and (7) the Campbells were punished as a result of their contempt. As we have found the underlying facts to be undisputed, we must now determine whether Mr. Campbell would have been exposed to any more shame or disgrace if the publication had been free of error.

The only error we can find in the article which could be of any consequence in this defamation action is the article's recitation of the penalties imposed by the United States District Court. The order imposing the punishment as a consequence of being found in contempt of court stated Norman Campbell was to be imprisoned "for 120 days or until such earlier date as he complies with the order of this court of March 28, 1991, and the summons of August 1990." He was not fined $100 per day up to the maximum of $10,000 as the article stated.[2]

Norman and Janice Campbell failed to produce tax records and they were consequently found in contempt of court and punished. This was the sting of the article. It was these facts, if any, which caused shame in the eyes of the public. In addition, these facts are clearly undisputed. The fact Mr. Campbell was only imprisoned instead of imprisoned and fined is of no consequence. This error by the Quad City Times certainly did not expose Mr. Campbell to any more opprobrium than had the article been free of error.[3] Accordingly, we affirm the district

court order granting the Quad City Times' motion for summary judgment.

■ **II.** *Motion for Change of Venue.* Mr. Campbell next contends the district court erred in denying his motion for change of venue. Such a ruling is reviewed for an abuse of discretion based on the record made by the moving party, Mr. Campbell in this case. *Peters v. Vander Kooi*, 494 N.W.2d 708, 711 (Iowa 1993).

Mr. Campbell presents two specific arguments under this issue. First, Mr. Campbell contends Judge David Sohr erred in refusing to hear the motion for change of venue. Second, Mr. Campbell argues Judge James Kelley erred in denying his motion for change of venue.

■ We find Mr. Campbell's first argument regarding Judge Sohr is without merit. A hearing on the motion for summary judgment was scheduled for February 11, 1994. On February 9, 1994, Mr. Campbell filed his motion for change of venue and also filed a motion for continuance. We find Mr. Campbell was not prejudiced by the delay in the ruling on the motion for change of venue, since he had asked for and received a continuance on the motion for summary judgment. This argument must fail.

■ Mr. Campbell further argues Judge Kelley erred in denying the motion for change of venue. Mr. Campbell contends Judge Kelley was biased against him and he erred in denying the motion for change of venue. The burden of showing grounds for recusal is on the party seeking it. *State v. Mann*, 512 N.W.2d 528, 532 (Iowa 1994). While there is a constitutional right to a neutral and detached judge, mere speculation as to judicial bias is not sufficient for recusal. *Id.* In determining whether a judge should recuse himself or herself, the judge is to consider the reasonable person test embodied in Canon 3(D)(1) of our Code of Judicial Conduct.[4] *Id.* This test inquires "whether

---

1. The warrant stated Norman Campbell was charged with the failure to comply with a court order enforcing a summons entered on March 28, 1991.

2. Janice Campbell was fined $100 per day until both the order and the summons were complied with, except the fine liability was not to exceed $10,000.

3. We find the Campbells' remaining arguments regarding this issue to be without merit.

4. Canon 3(D)(1) states "[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...."

reasonable persons with knowledge of all facts would conclude that the judge's impartiality might be questioned." *Id.*

Mr. Campbell asserted Judge Kelley should recuse himself because (1) Judge Kelley was a criminal; (2) Judge Kelley was a member of an organized crime business; and (3) Mr. Campbell had allegedly brought a complaint against Judge Kelley to the Judicial Qualifications Commission. Judge Kelley discusses Mr. Campbell's allegations of prejudice at length in his ruling on Mr. Campbell's motion for change of venue. Judge Kelley stated he had no memory of any complaint being brought against him, nor did he remember ever being contacted by the Judicial Qualifications Commission regarding any such complaint. We have no reason to believe otherwise, especially since Mr. Campbell has failed to provide any proof of this complaint. In addition, we find Mr. Campbell's other allegations to be completely without merit as he has provided nothing to support his claims. Judge Kelley did not err in ruling upon Mr. Campbell's motion for change of venue.

We further find Judge Kelley reached the proper conclusion in ruling upon the motion for change of venue. Judge Kelley found there were three district court judges who had had no contact with Mr. Campbell and had been appointed subsequent to the time Mr. Campbell brought his complaint to the Judicial Qualifications Commission. We find Judge Kelley's decision to be well reasoned. Accordingly, we conclude there was no abuse of discretion in denying the motion for change of venue.

Upon consideration of all issues raised by the parties in their briefs and oral arguments, we affirm the rulings of the district court.

**AFFIRMED.**